IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DONALD ERNEST ALLEE,                               CV. 11-188-PA

       Plaintiff,                                ORDER

  v.

J. SHERBONDY, et al.,

       Defendants.

PANNER, District Judge.

    Plaintiff filed his prisoner civil rights Complaint with the court on February 11, 2011. He appears to raise a variety of claims in his rambling 19-page pleading. As an initial matter, pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement

1 - ORDER

of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

It is not clear from plaintiff's Complaint whether he seeks to re-litigate claims which were adjudicated in the past. He seems to take issue with prior court decisions, claiming they are in error. Plaintiff is advised that claims which have been litigated in the past, or which could have been raised in that litigation, are not subject to relitigation in the current proceeding. *Allen v. McCurry*, 449 U.S. 90, 93 (1980).

In addition, plaintiff asserts that his case originates "back near 2000-2002." Complaint (#2), p. 7. Plaintiff is advised that the applicable statute of limitations is two years, and his failure to timely file his Complaint will subject it to dismissal for failure to state a claim. *Jones v. Bock*, 127 S.Ct. 910, 920-22 (2007).

Because plaintiff fails to make a short plain statement of his claims, the court cannot determine what claims he wishes to bring, and cannot discern plaintiff's theory of liability as to each of the defendants he names and how each defendant personally participated in the deprivation of a federal right. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1996). Because plaintiff's Complaint fails to meet the minimal pleading requirements of the

federal rules, the Complaint is dismissed with leave to amend. Plaintiff is advised that if he chooses to file an amended complaint, he must: (1) again identify a basis for federal court jurisdiction; (2) specify what federal right each particular defendant has violated; (3) without citation to case law, concisely describe factually how each named defendant has infringed upon the federal right he claims has been violated; and (4) not raise claims which he previously litigated or could have litigated. In addition, plaintiff is required to file his amended complaint on the form to be provided by the court, and he is advised that Local Rule 15-1(c)(1) requires a party moving to amend a pleading to "reproduce the entire pleading and . . . not incorporate any part of the prior pleading by reference."

Plaintiff's failure to file an amended complaint within 30 days consistent with the terms of this Order will result in the dismissal of this case.

## CONCLUSION

Plaintiff's Complaint (#2) is DISMISSED for failing to meet the minimal pleading requirements of the federal rules. Should plaintiff wish to continue with this case, he must file an amended complaint consistent with the terms of this Order. In addition, the form must be filed on the form to be provided by the court. Plaintiff's failure to file an amended complaint within 30 days will result in the dismissal of this case.

3 - ORDER

Plaintiff's Motion for Partial Summary Judgment (#4) is DENIED, without prejudice, on the basis that it is premature in absence of service of process and applies to a pleading which has been dismissed.

The Clerk of Court is DIRECTED to send plaintiff a form civil rights complaint for his use.

IT IS SO ORDERED.

DATED this 30 day of March, 2011.

                                Owen M. Panner
                                United States District Judge