IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DONALD ERNEST ALLEE,

    Plaintiff,

  v.

J. SHURBONDY, et al.,

    Defendants.

No. 1:11-cv-0188-PA

**ORDER**

**PANNER, District Judge:**

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, brings this action pro se, claiming defendants did not provide adequate medical care and discriminated against him because of disability.

    Defendants move for judgment on the pleadings and to dismiss for failure to exhaust. I grant the motion for judgment on the pleadings.

**BACKGROUND**

    This is plaintiff's third action claiming prison employees improperly refused to provide him with a wheelchair or cane, despite an injury to his right knee that made walking painful.

1 - ORDER

In 2006, plaintiff filed an action in this court, alleging deliberate indifference and disability discrimination. This court granted summary judgment to the defendants, and the Ninth Circuit affirmed. Allee v. Or. Dep't of Corr., 2007 WL 2417390 (D. Or. 2007) (Allee I), aff'd, 315 F. App'x 610 (9th Cir. 2009) (Allee II). The Ninth Circuit held that plaintiff "failed to controvert defendants' medical evidence showing that [plaintiff's] condition might improve with increased walking, and that a wheelchair and cane were not medically necessary." Allee II, at *1.

In 2010, plaintiff filed an action in state court, again claiming that prison employees were deliberately indifferent to his serious medical needs by denying him a wheelchair or cane. The Malheur County Circuit Court dismissed plaintiff's action with prejudice. Allee v. Noth, Case No. 10058112H (Malheur Cnty. Cir. Ct. Dec. 3, 2010). Plaintiff did not appeal. See Hallman Decl., Attach. 6, at 4.

In December 2010, plaintiff was transferred from the Snake River Correctional Institution to the Two Rivers Correctional Institution. At the Two Rivers Correctional Institution, prison staff initially did not provide plaintiff with a wheelchair. Plaintiff alleges that without a wheelchair, he could not take showers and was disciplined for that failure.

Plaintiff filed this action in February 2011. Plaintiff alleges in spring 2011, he realized that his pain was caused by fallen arches and poor circulation to his feet. Plaintiff alleges that by using improvised arch supports in his shoes, he now can

2 - ORDER

stand and walk short distances without pain for the first time in years. On August 10, 2012, plaintiff stated by affidavit that he is "'up and mobile, with nearly no pain in my feet' -- unless I try to walk too far or stand for too long a period of time; and, Medical Staff are (currently) accommodating my needs by providing me with a cane and use of a wheelchair -- without a lot of hoo-ha, nonsense." Pl.'s Aff. ¶ 23.

## DISCUSSION

### I. Judgment on the Pleadings

#### A. Legal Standards for Judgment on the Pleadings

"After the pleadings are closed . . . a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court should grant judgment on the pleadings when, accepting the complaint's factual allegations as true, "'there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009)).

A motion for judgment on the pleadings is equivalent to a motion to dismiss for failure to state a claim under Rule 12(b)(6). Harris v. County of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012). In ruling on these motions, the court takes the facts alleged in the complaint to be true and determines whether the moving party is entitled to judgment as a matter of law. Id. The court discounts conclusory statements of fact, which are not entitled to the presumption of truth. Chavez, 683 F.3d at 1108.

3 - ORDER

"'Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 1109 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

### B. Defendants Are Entitled to Judgment on the Pleadings

#### 1. Deliberate Indifference

To prevail on an Eighth Amendment claim for deliberate indifference, a plaintiff first must show that he has "'a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (further quotation marks and citation omitted)). "'Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.'" Id. (quoting Jett, 439 F.3d at 1096). To show deliberate indifference, the plaintiff must present evidence that the defendants purposefully acted or failed to respond to the plaintiff's medical need, and that the defendants' indifference harmed the plaintiff. Wilhelm, 680 F.3d at 1122. Medical malpractice or negligence is not sufficient to establish an Eighth Amendment violation, nor is a difference in medical opinion. Id. at 1122-23.

Plaintiff alleges, "I was mis-diagnosed (all this time), when I had clearly stated my pains and conditions, that were very

4 - ORDER

disabling." Am. Compl. at 5. Taking plaintiff's non-conclusory pleadings as true, I conclude that plaintiff has shown at worst a negligent misdiagnosis of his medical problems. Negligent misdiagnosis, without more, is not deliberate indifference. <u>Wilhelm</u>, 680 F.3d at 1123 (decision not to operate on hernia was not deliberate indifference because physician incorrectly thought the plaintiff did not have a hernia). Here, defendants attempted to treat plaintiff's medical problems. Plaintiff's complaints about difficulty walking generally focused on his right knee. Although plaintiff disagrees with defendants' treatment decisions, he has not shown deliberate indifference.

### 2. Disability Discrimination

Taking plaintiff's non-conclusory allegations as true, he has failed to show defendants discriminated against him because of a disability. Plaintiff has not presented evidence that defendants regarded him as suffering from a disability. Nor do plaintiff's allegations show that defendants discriminated against him based on disability.

### C. Claim and Issue Preclusion

Defendants contend the judgment against plaintiff in the state court litigation bars plaintiff from raising the same issues here. The "full faith and credit" statute, 28 U.S.C. § 1738, requires this court to give a state court judgment the same preclusive effect the judgment would have under state law. <u>Engquist v. Or. Dep't of Agriculture</u>, 478 F.3d 985, 1007 (9th Cir. 2007), <u>aff'd</u>, 553 U.S. 591 (2008).

5 - ORDER

Here, plaintiff filed the state court action in 2010, complaining that staff at Snake River Correctional Institution improperly denied him access to a cane or wheelchair. The state court ruled against plaintiff. To the extent plaintiff's Eighth Amendment claim is based on defendants' alleged actions between January and May 2010, the claim is barred by the final judgment in the state court action. The deliberate indifference issue is identical in both actions; the issue was actually litigated and was essential to a final decision on the merits; plaintiff had a full and fair opportunity to be heard; the party to be precluded is the same; and the prior proceeding is entitled to preclusive effect. See Nelson v. Emerald People's Util. Dist., 318 Or. 99, 104, 862 P.2d 1293, 1296-97 (1993).

## II. Failure to Exhaust State Administrative Remedies

Defendants also move to dismiss claims for failure to exhaust administrative remedies. Because defendants are entitled to judgment on the pleadings, I need not address this issue.

## CONCLUSION

Defendants' motion for judgment on the pleadings (#37) is granted with prejudice. Plaintiff's motions (##35, 36, 45, 51), and defendants' motion for stay (#41) are denied as moot.

IT IS SO ORDERED.

DATED this **24** day of September, 2012.

OWEN M. PANNER
U.S. DISTRICT JUDGE

6 - ORDER